Malone Jr., J.
In satisfaction of a four-count indictment, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree and was sentenced, as a second felony offender, to four years in prison followed by two years of postrelease supervision and ordered to make restitution of $100. On this appeal from the judgment of conviction, defendant first argues that County Court did not advise him at the time of his plea that he would be sentenced as a second felony offender. However, the record before us fails to indicate that defendant preserved this claim by moving to either withdraw the plea or vacate the judgment of conviction (see People v Mayers, 74 NY2d 931, 932 [1989]; People v Campbell, 66 AD3d 1059, 1059-1060 [2009]). Nor did he preserve by timely objection his further contention that the court failed to comply with the requirements of CPL 400.21 (see People v Washington, 89 AD3d 1140, 1142 [2011], lv denied 18 NY3d 963 [2012]; People v Califano, 84 AD3d 1504, 1506-1507 [2011], lv denied 17 NY3d 805 [2011]). However, the People concede that restitution was not a part of the plea agreement. Accordingly, the sentence must be vacated and the matter remitted to County Court to either impose the agreed-upon sentence or give defendant the opportunity to withdraw his plea before imposing the enhanced sentence (see People v Galietta, 75 AD3d 753, 754-755 [2010]; People v Gantt, 63 AD3d 1379, 1379-1380 [2009]).
Lahtinen, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.